Gary H. Fechter
**McCARTER & ENGLISH, LLP**
245 Park Avenue, 27th Floor
New York, New York 10167
(212) 609-6800

Of Counsel:
Scott S. Christie
Jonathan M.H. Short
Mark H. Anania
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff and Counterclaim Defendant*
*Loss Prevention Works, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **LOSS PREVENTION WORKS, LLC,** | **Civil Action No.** |
| **Plaintiff,** | **10-CV-7616 (DLC) (AJP)** |
| **v.** | **PLAINTIFF'S PROPOSED** |
| **MARCH NETWORKS, INC. and MARCH NETWORKS, CORP.,** | **JURY INSTRUCTIONS** |
| **Defendants.** |  |
| **MARCH NETWORKS, INC.,** |  |
| **Counterclaimant,** |  |
| **v.** |  |
| **LOSS PREVENTION WORKS, LLC,** |  |
| **Counterclaim Defendant.** |  |

Pursuant to Fed. R. Civ. P. 51, Plaintiff Loss Prevention Works, LLC ("LPW") respectfully request that the Court instruct the jury on the law as set forth herein.  Plaintiff also reserves the right to submit appropriate amendments and supplements to these requests. Captions and citations are provided for the convenience of the Court and are not part of the requested instructions.

## I.  General Instructions

### PROPOSED INSTRUCTION NO. 1

### <u>Duty of the Jury</u>

Ladies and gentlemen of the jury, the presentation of the evidence in this case and the arguments of the attorneys have been completed. It is now my duty to instruct you on the law which applies to this case, and which shall govern your deliberations in the jury room after I am finished with these instructions.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me. Regardless of any opinion that you may have as to what the law may be-- or ought to be-- it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Counsel have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.  It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

[Adopted from Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 71.01 (1987); Sand et al., Modern Federal Jury Instructions, §71-2 (1985).]


## PROPOSED INSTRUCTION NO. 2

### Jury To Disregard Court's View

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.  Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind completely, entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel had out of your hearing or sight.

[Adopted from Sand et al., Modern Federal Jury Instructions, § 71-5 (1985).]

## PROPOSED INSTRUCTION NO. 3

### Equality Before the Law-Companies

The parties in this case are companies. A company is entitled to the same fair trial at your hands as a private individual would be entitled to, and you will treat the plaintiff company and the defendant company the same as if they were persons. All persons, including companies are equals before the law, and they are to be dealt with equally in a court of justice.

[Adopted from Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, 4th Ed., Vol. 3, §71.04 (1987).]

ME1 11151996v.1

## PROPOSED INSTRUCTION NO. 4

### Stipulations, Judicial Notice, and Evidence

Statements and arguments of counsel are not evidence in the case.  When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events.  When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event that has been judicially noticed.

You must decide what the facts are based upon the evidence.  Unless you are otherwise instructed, the evidence in the case always consists of:

1.     the sworn testimony of the witnesses, regardless of who may have called them;

2.     all documents, records, charts and other exhibits received in evidence, regardless of who may have produced them; and

3.     all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

[Adopted from Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, 4th Ed., Vol. 3 §71.08, (1987); also from Judge Zilly's charge in SEC v. Clark, 699 F.Supp. 839 (W.D. Wash. 1988), aff'd, 915 F.2d 439 (9th Cir. 1990).]

ME1 11151996v.1

## PROPOSED INSTRUCTION NO. 5

### <u>Burden of Proof</u>

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of each claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should return a verdict for the defendant as to that claim.

In this case, the defendant also has made legal claims against the plaintiff.  These are called counterclaims.  Just like plaintiff is required to meet its burden of proof as to its claims, defendant must establish any essential element of each of its counterclaims by a preponderance of the evidence.  If the defendant fails to satisfy this obligation as to any of its counterclaims, the jury should return a verdict in favor of plaintiff as to that counterclaim.

To "establish by a preponderance of the evidence" means to prove that something is more likely true than not true.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

[Adopted from Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Civil, 4th Ed., Vol. 3 §72.01, (1987); also from Judge Zilly's charge in <u>SEC v. Clark</u>, 699 F.Supp. 839 (W.D. Wash. 1988), <u>aff'd</u>, 915 F.2d 439 (9th Cir. 1990).]

ME1 11151996v.1

## PROPOSED INSTRUCTION NO. 6

### If You Find or If You Decide

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find" or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true, that the fact has been established by a preponderance of the evidence.

[Adopted from Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, 4th Ed., Vol. 3 §72.02, (1987).]

## PROPOSED INSTRUCTION NO. 7

### What Is and Is Not Evidence

In reaching your verdict, you may consider only the testimony of witnesses and exhibits received into evidence together with any facts to which all the lawyers have agreed or stipulated. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by counsel are not evidence. Counsel are not witnesses. What they have said in their opening statements, closing arguments, and other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way counsel have stated them, your memory of them controls.

2. Questions and objections by counsel are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.       Testimony that has been excluded or stricken, or that you have been instructed to

disregard, is not evidence and must not be considered.  In addition, if stipulated

facts, testimony or exhibits have been received only for a limited purpose, you

must follow the limiting instructions I have given.

4.       Anything you may have seen or heard when Court was not in session is not

evidence.  You are to decide the case solely on the evidence received at trial.

[Adopted from Sand et al., Modern Federal Jury Instructions, §74-1 (1985); Judge Zilly's charge

in SEC v. Clark, 699 F.Supp. 839 (W.D. Wash. 1988), aff'd, 915 F.2d 439 (9th Cir. 1990).]


## PROPOSED INSTRUCTION NO. 8
### Direct and Circumstantial Evidence

There are, generally speaking, two types of evidence from which a jury may properly find

the truth as to the facts of a case.  One type of evidence is direct evidence.  Direct evidence is

when a witness testifies about something he knows by virtue of his own senses, something he has

seen, felt, touched, said or heard.  Direct evidence is testimony by an eyewitness to an event.

Direct evidence may also be in the form of an exhibit where the fact to be proved is its present

existence or condition.

The other type of evidence is indirect or circumstantial evidence.  Circumstantial

evidence is evidence that tends to prove a disputed fact by proof of other facts, or said in a

different way proof of a chain of circumstances pointing to the existence or non-existence of

certain facts.  Let me illustrate what circumstantial evidence is by giving you an example.

Assume that when you came into the courthouse this morning the sun was shining and it

was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.

8

As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether it is raining.  So you have no direct knowledge of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience and common sense from one established fact the existence or non-existence of some other facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

The jury must decide what the facts are based upon the evidence.  The evidence consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness, documents, records, charts, and other exhibits which have been received into evidence, and any facts which counsel have agreed or stipulated.

[Adopted from Sand et al., Modern Federal Jury Instructions, § 74-2 (1988).; Judge Ward's charge in U.S. v. Reed, 84 Cr. 610 (S.D.N.Y. 1985), Tr. 1488-89; charge by Judge Owen in U.S. v. Grossman, 87 Cr. 223 (S.D.N.Y. 1987), Tr. 1371-73, aff'd, 843 F.2d 78 (2d Cir. 1988), cert. denied, 484 U.S. 1040 (1989).]

## PROPOSED INSTRUCTION NO. 9

### **Credibility of Witnesses**

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and the importance of his or her testimony.

It must be clear to you that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully consider all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

You should also consider any bias or hostility the witness may have shown for any party as well as any interest the witness has in the outcome of the case.

If you find that a witness has testified falsely as to any material fact, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or which are corroborated by other independent evidence in the case.  It is for you, and you alone, to decide the credibility of witnesses.  You are entitled to use your common sense, good judgment and your life experience to help you judge witness credibility.

However, you should keep in mind that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth, because people naturally tend to forget some things or remember other things inaccurately or differently.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

ME1 11151996v.1

[Adopted from Sand et al., <u>Modern Federal Jury Instructions</u>, §76-1 (1985).]


## PROPOSED INSTRUCTION NO. 10

### <u>Bias</u>

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular jury.  It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.  In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

[Adopted from Sand et al., <u>Modern Federal Jury Instructions</u>, § 76-2 (1985).]


## PROPOSED INSTRUCTION NO. 11

### <u>Interest in Outcome</u>

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his testimony.

[Adopted from Sand et al., <u>Modern Federal Jury Instructions</u>, § 76-3 (1985).]

**PROPOSED INSTRUCTION NO. 12**

**<u>Opinion Evidence</u>**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses". Witnesses who, by education and experience, have become expert is some art, science, profession or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, or if you feel the expert's opinion contradicts the state of the law during the relevant time you may disregard the opinion entirely.

If the testimony of the expert witnesses is in conflict, you must remember that you are the sole trier of the facts and their testimony relates to a question of fact; so it is your job to resolve the disagreement. The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary

witnesses.  In addition, since they gave their opinions, you should consider the soundness of each

opinion, reasons for the opinion, and the witness' motive, if any, for testifying.

[Adopted from Sand et al., <u>Modern Federal Jury Instructions</u>, § 76-9, § 76-10 (1985); Devitt,

Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Civil, 4th Ed., Vol. 3 §72.08,

(1987).]


## PROPOSED INSTRUCTION NO. 13

### <u>Use of Depositions</u>

      Some testimony has been presented to you by means of depositions, instead of testimony

of witnesses in this courtroom.  Some of this deposition testimony has been read to you from

transcripts. A deposition is simply a procedure where the attorneys for one side may question a

witness or an adversary party under oath before a stenographer prior to trial.  This is part of

pretrial discovery, and each side is entitled to take depositions.  A deposition transcript is a

document containing sworn testimony given by a witness outside of court in the presence of

lawyers for each party who may, in turn, ask questions.   You may consider such testimony of a

witness given at a deposition according to the same standards you would use to evaluate the

testimony of a witness given at trial.

[Adopted from Sand et al., <u>Modern Federal Jury Instructions</u>, § 74-14 (1985); Judge Zilly's

charge in <u>SEC v. Clark</u>, 699 F. Supp. 839 (W.D. Wash. 1988), <u>aff'd</u>, 915 F.2d 439 (9th Cir.

1990); F.R.C.P. 32(a).]

**PROPOSED INSTRUCTION NO. 14**

**<u>Judicial Notice</u>**

I have taken judicial notice of certain facts which are not subject to reasonable dispute.  I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true.  You are required to accept these facts as true in reaching your verdict.

[Adopted from Sand et al., <u>Modern Federal Jury Instruction</u>s, § 74-3 (1985).]

**PROPOSED INSTRUCTION NO. 15**

**<u>Inference Defined</u>**

During the course of the trial you have heard the attorneys use the term "inference," and in their arguments, they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defendant asks that you draw another.  It is for you, and you alone, to decide what inferences, if any, you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw, but are not required to draw, from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your reason, experience and common sense.

14

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience and common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your reason, experience and common sense.

[Adopted from Sand et al., Modern Federal Jury Instructions, § 75-1 (1988); Schulz v. Pennsylvania R. Co., 350 U.S. 523, 526 (1956); Computer Identics Corp. v. Southern Pacific Co., 756 F.2d 200, 204 (1st Cir. 1985).]

## PROPOSED INSTRUCTION NO. 16

### Conduct of Counsel

It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not reach an adverse conclusion against any of the parties because its attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

15

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinions as to the weight or effect of such evidence.  You are the sole judge of the credibility of all witnesses and the weight and effect of all evidence.

[Adopted from Sand et al., Modern Federal Jury Instructions, § 71-6 (1988).]

**PROPOSED INSTRUCTION NO. 17**

**Reprimand of Counsel for Misconduct**

During the course of the trial, I have had to admonish or reprimand an attorney because I did not believe what he was doing was proper.  You should draw no inference against him or his client.  It is the duty of the attorneys to offer evidence and press objections on behalf of their side.  It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary.  But you should draw no inference from that.  It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

Your verdict should be based only on the facts as found by you from the evidence and the law as instructed by the court.

[Adopted from Sand et al., Modern Federal Jury Instructions, § 71-6 (1988).]

**II.  Substantive Instructions**

**PROPOSED INSTRUCTION NO. 18**

**<u>Breach of Contract</u>**

Plaintiff, LPW contends that: (1) March Networks, Inc. ("MNI") breached a non-competition provision of the Transaction Agreement by selling its loss prevention software product RTI with the same analytical functionality as LPW's ELP software; and (2) MNI breached its obligations under the Teaming Agreement by failing to participate in good faith negotiations with Dunkin' Brands, Inc. for MNI and LPW to jointly provide loss prevention software products and services to Dunkin' Brands through a Master Services Agreement. Defendant MNI disputes these contentions and maintains that it did not breach any terms of either of these contracts.

To establish its contract claim against MNI under New York law, LPW must prove by a preponderance of the evidence that:

1.  LPW entered into a contract with MNI, in this case the Transaction Agreement and the Teaming Agreement;

2.  LPW performed its obligations under the contract -- that is, that LPW did what the Transaction Agreement and the Teaming Agreement required LPW to do;

3.  MNI breached the contract -- that is, that MNI did not do what the Transaction Agreement and the Teaming Agreement contract required MNI to do; and

4.  MNI's breach, or failure to do what the Transaction Agreement and the Teaming Agreement required, caused damages to LPW.[1]

---

[1] *RCN Telecom Servs. v. 202 Ctr. St. Realty LLC*, 156 F. App'x 349, 350-51 (2d Cir. 2005) (*citing Marks v. New York Univ.*, 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999)); *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004); *Noise In Attic Prods., Inc. v. London Records*, 782 N.Y.S.2d 1, 3 (N.Y. App. Div. 2004).

17

If you find that LPW proved each of these four elements by a preponderance of the evidence as to a particular alleged breach of either the Transaction Agreement or the Teaming Agreement, and that MNI has not established an affirmative defense as to that breach, then your verdict must be for LPW as to that breach.  If you find that LPW has not proven each and every one of these elements by a preponderance of the evidence as to a particular alleged breach, then your verdict must be for MNI.

## PROPOSED INSTRUCTION NO. 19

### Breach of the Implied Covenant of Good Faith and Fair Dealing

In addition to the express terms of a contract, the law provides that every contract contains an implied covenant of good faith and fair dealing.  This means that, even though not specifically stated in the contract, it is implied or understood that each party to the contract must act in good faith and deal fairly with the other party in performing or enforcing the terms of the contract.

To act in good faith and deal fairly, a party must act in a way that is honest and faithful to the agreed purposes of the contract and consistent with the reasonable expectations of the parties. A party must not act in bad faith, dishonestly, or with improper motive to destroy or injure the right of the other party to receive the benefits or reasonable expectations of the contract.  Indeed, there can be no breach of the implied covenant of good faith and fair dealing unless the parties have a contract.

There are many forms of conduct that might constitute a violation of good faith and fair dealing, but each case is fact-sensitive.  In order for you to find that there has been a breach of the implied covenant of good faith and fair dealing in this case, LPW must demonstrate to you

that MNI, with no legitimate purpose:  1) acted with bad motives or intentions or engaged in

deception or evasion in its performance under the Transaction Agreement or the Teaming

Agreement; and 2) by such conduct, denied LPW of the bargain initially intended by the parties

under the Transaction Agreement or the Teaming Agreement.

LPW in this case claims that MNI breached the implied covenant of good faith and fair

dealing with regard to the Transaction Agreement through sales of MNI's RTI software product

with analytical functionality that competes with LPW's ELP software.  Furthermore, LPW

claims that MNI breached the implied covenant of good faith and fair dealing with regard to the

Teaming Agreement by failing to act in good faith in pursuing a joint Master Services

Agreement with Dunkin' Brands.

In considering what constitutes bad faith, you should consider a number of factors,

including the expectations of the parties and the purposes for which the contract was made.  You

should also consider the level of sophistication between the parties, whether the parties had equal

or unequal bargaining power, and whether MNI's action involved the exercise of discretion.

In order for LPW to prevail on its claim, you must specifically find that bad faith

motivated MNI's actions.  A defendant who acts in good faith on an honest, but mistaken, belief

that his/her actions were justified has not breached the covenant of good faith and fair dealing.

In summary, if you find that LPW has proven by a preponderance of the evidence: (1) the

existence of some type of contract; (2) that MNI, although acting consistent with the contract's

terms, acted in bad faith with the intent to deprive LPW of its reasonable expectations under the

contract; and (3) LPW sustained injury or loss as a result of such action, then you must find for

LPW.

If, however, you find that LPW has failed to prove any of these elements by the preponderance of the evidence, you must find for MNI.

[Adopted from New York Pattern Jury Instruction, Civil, Vol. 2, PJI 4:1 (2010).]

## PROPOSED INSTRUCTION NO. 20

### **Tortious Interference with Prospective Business Relations**

A company that intentionally, knowingly, and by wrongful means prevents another company from entering into a contract that would have been entered into except for the interference, is liable to the other company for any damage sustained as a result of such conduct. An act prevents the making of a contract if it is a substantial factor in preventing the contract from being entered into.  An act is intentional when it is done deliberately, with the purpose of interfering with the rights of a party to the proposed contract.  An act is done knowingly when there is actual awareness that there is a proposed contract, although knowledge of the detailed terms of the proposed contract is not required.  An act is done by wrongful means when physical violence, fraud, misrepresentation or undue economic pressure is used.

In this case, LPW claims that MNI deliberately interfered with LPW's efforts to gain business from additional Dunkin' Donuts franchisees for its ELP software and service by upgrading and enhancing its RTI software and providing that RTI software to these Dunkin' Donuts franchisees.  MNI denies that it interfered with LPW's attempts to gain business from Dunkin' Donuts franchisees.

If you find that LPW has proven by a preponderance of the evidence that: (1) MNI knew LPW was seeking business from additional Dunkin' Donuts franchisees for its ELP software and service; (2) MNI intentionally interfered with this proposed business relationship; (3) if not for

20

MNI's interference, LPW would have obtained business from additional Dunkin' Donuts franchisees for its ELP software and service; (4) MNI's interference was done by wrongful means; and (5) LPW suffered damages as a result, then you must find for LPW.

If, however, you find that LPW has failed to prove any of these elements by the preponderance of the evidence, you must find for MNI.  I will provide you with a written verdict form to assist you in deciding each of the elements of this claim.

[Adopted from New York Pattern Jury Instruction, Civil, Vol. 2, PJI 3:57 (2010).]


## PROPOSED INSTRUCTION NO. 21

### Unfair Competition

Unfair competition cannot be precisely defined.  It is a form of fraud or deceit that is highly fact specific.  However, it does require that a defendant act in bad faith.  I instructed you on bad faith during my instructions to you on LPW's claim of breach of the implied covenant of good faith and fair dealing.  Those instructions equally are applicable here.

In addition to bad faith, a defendant unfairly competes when it misappropriates or improperly takes a property right of another company for its own commercial advantage.  Furthermore, the defendant's misappropriation of this property right must cause harm and damage to the plaintiff.

In this case, LPW claims that MNI unfairly misappropriated its right to sell and distribute its ELP software and services free from competition by MNI and its sales and distribution of its upgraded and enhanced RTI software.  MNI denies unfairly competing with LPW in this manner.

If you find that LPW has proven by a preponderance of the evidence: (1) that MNI acted in bad faith; (2) with the intent to deprive LPW of its right to sell and distribute its ELP software

and services free from competition; (3) For MNI's own commercial advantage; and (4) LPW

sustained injury or loss as a result of such action, then you must find for LPW.[2]

If, however, you find that LPW has failed to prove any of these elements by the

preponderance of the evidence, you must find for MNI.


## PROPOSED INSTRUCTION NO. 21

### Damages

If you decide that the plaintiff is entitled to recover, will you consider damages. If you

decide that the plaintiff is not entitled to recover, you need not consider damages.

Compensatory damages seek to make the plaintiff whole--that is, to compensate him or

her for the damage suffered. The basic principle of damages is to leave the injured party in as

good a position as he or she would have been if he or she had not been harmed by the defendant.[3]

For that reason, the injured party should not recover more from the breach of contract than the

party would have gained had the contract been fully performed.[4]  The damages that you award

must be fair and reasonable, neither inadequate nor excessive.

In awarding compensatory damages you must be guided by dispassionate common

sense. Computing damages may be difficult, but you must not let that difficulty lead you to

engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove

the amount of his or her losses with mathematical precision, but only with as much definiteness

and accuracy as the circumstances permit.

---

[2] ESPN, Inc. v. Quiksilver, Inc., 586 F.Supp. 2d 219, 230 (S.D.N.Y. 2008); Demetriades v. Kaufmann, 698 F. Supp. 521, 528 (S.D.N.Y. 1988).

[3] Brushton-Moira Cent. School Dist. v. Fred H. Thomas Assoc., P.C., 91 N.Y.2d 256; Goodstein Const. Corp. v. N.Y., 80 N.Y.2d 366; see Bi-Economy Market Inc. v. Harleysville Ins. Co. of N.Y., 10 N.Y.3d 187; Schwartz v. Pierce, 57 A.D.3d 1348; R& I Electronics Inc., v. Neuman, 66 A.D.2d 836.

[4] Freund v. Washington Square Press, Inc., 34 N.Y.2d 379; Baker v. Drake, 53 N.Y. 211.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. [Adopted from Sand et al., <u>Modern Federal Jury Instructions</u>, § 77-3 (1988); New York Pattern Jury Instruction, Civil, Vol. 2, PJI 4:20 (2010).]

### PROPOSED INSTRUCTION NO. 22

### <u>Communications Between Court and Jury During Jury's Deliberation</u>

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to the Court— how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a verdict. [Adopted from Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Civil, 4th Ed., Vol. 3 § 74.08 (1987).]

## PROPOSED INSTRUCTION NO. 23

### Right to see Exhibits

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony -- in fact any communication with the court-- should be made to me in writing, signed by your foreperson, and given to one of the marshals. [Adopted from Sand et al., Modern Federal Jury Instructions, § 78-1 (1985).]

## PROPOSED INSTRUCTION NO. 24

### Duty to Deliberate/Unanimous Verdict

You will now return to decide the case.  In order to prevail, Gencor must sustain its burden of proof as I have explained to you with respect to each element of its claim against Ingersoll-Rand.  If you find that Gencor has succeeded in doing so, you should return a verdict in its favor.  If you find that Gencor has failed to sustain its burden on an element of his claim, you should not return a verdict for it on its claim.

It is your duty to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide that case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for

the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss

and weigh your respective opinions dispassionately, without regard to sympathy, without regard

to prejudice or favor for either party, and adopt that conclusion which in your good conscience

appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case

based on your consideration of the evidence and your discussions with your fellow jurors.  No

juror should surrender his conscientious beliefs solely for the purpose of returning a unanimous

verdict.

[Adopted from Sand et al., Modern Federal Jury Instructions, § 78-3 (1985).]


## PROPOSED INSTRUCTION NO. 25

### Election of Foreperson

Upon retiring to the jury room, you will select one of your number to act as your

foreperson.  The foreperson will preside over your deliberations, and will be your spokesman

here in Court.

[Adopted from Sand et al., Modern Federal Jury Instructions, § 78-5 (1985).]


## PROPOSED INSTRUCTION NO. 26

### Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you,

sign and date it and advise the marshal outside your door that you are ready to return to the

courtroom.  I will stress that you should be in agreement with the verdict which is announced in

court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

[Adopted from Sand et al., Modern Federal Jury Instructions, § 78-6 (1985).]


### PROPOSED INSTRUCTION NO. 27

### Verdict

A form of special verdict, and a form of general verdict, have been prepared for your convenience.  You will take these forms to the jury room.  I direct your attention first to the form of special verdict.

[Special verdict form is read to the jury]

You will note that each of the interrogatories or questions call for a "Yes" or "No" answer. The answer to each question must be by a simple majority of the jury.  Your foreperson will write the answer of the jury in the space provided opposite each question, and will date and sign the special verdict, when completed.  As you will note from the wording of the questions, it will not be necessary to consider or answer the next question, if your answer to the first question is "No".  Nor will it be necessary for you to consider or answer any other questions unless your answer to both first and second questions is "Yes".

Accordingly, if your answer to either first or second question is "No", the foreperson will date and sign the special verdict, without answering any other questions.  On the other hand, if the answer to both first and second questions is "Yes", then you will answer the next question; and the foreperson will then date and sign the special verdict as so completed.

26

After you have completed your findings as called for by the questions set forth on the special verdict, you will then consider your general verdict, forms of which have been prepared for your convenience.

[General verdict form is read to the jury]

When you have reached unanimous agreement as to your general verdict, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree; and you will then return with both the completed special verdict and the completed general verdict to the courtroom.

[Adopted from Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, 4th Ed., Vol. 3 §74.06 (1987).]

**PROPOSED INSTRUCTION NO. 28**

<u>**Verdict Forms—Jury's Responsibility**</u>

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

[Adopted from Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, 4th Ed., Vol. 3 §74.07 (1987).]

Respectfully submitted,

Dated: February 7, 2011

By: /s/ Gary H. Fechter

Gary H. Fechter
**McCARTER & ENGLISH, LLP**
245 Park Avenue, 27th Floor
New York, New York 10167
(212) 609-6800

Of Counsel:
Scott S. Christie
Jonathan M.H. Short
Mark H. Anania
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff and Counterclaim
Defendant Loss Prevention Works, LLC*

ME1 11151996v.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was caused to be served on February 7, 2011, upon the following via e-mail:

> Robert D. Goldstein
> J. William Cook
> EPSTEIN BECKER & GREEN, P.C.
> 250 Park Avenue
> New York, New York 10177

> <u>/s/ Gary H. Fechter</u>
> Gary H. Fechter

ME1 11151996v.1