**EPSTEIN BECKER & GREEN, P.C.**
By:     Robert D. Goldstein
        J. William Cook
250 Park Avenue
New York, New York  10177-0077
(212) 351-4500
Attorneys for Defendant
    March Networks, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x

LOSS PREVENTION WORKS, LLC,                 :

                          Plaintiff,        :

                                            :      10-CV-7616 (DLC) (AJP)

             - against -                    :

                                            :

MARCH NETWORKS, INC. and MARCH              :
NETWORKS, CORP.,                            :

                          Defendants.       :

------------------------------------------- X

---

### DEFENDANT MARCH NETWORKS, INC.'S PROPOSED JURY INSTRUCTIONS

---

# TABLE OF CONTENTS

**I. GENERAL INTRODUCTORY INSTRUCTIONS** ·················1
    A. Introductory Remarks ····················1
    B. Role of the Court ························1
    C. Role of the Jury ·························2
    D. Role of Counsel ·························2
    E. Sympathy or Bias ·······················3
    F. Burden of Proof ························3
    G. What Is and Is Not Evidence ···············4
    H. Direct and Circumstantial Evidence ··········5
    I. Witness Credibility ······················7
    J. Expert Witnesses ·······················8
    K. Impeachment ·························9
    L. Missing Witness ·······················9
    M. Prior Inconsistent Statements ··············9
    N. Deposition Testimony ···················10

**II. SUBSTANTIVE INSTRUCTIONS** ·····················11
    1. Summary of Plaintiff's Claims ·············11
    2. Breach of Contract - Elements ·············12
    3. Breach of Contract – Material Breach ·········12
    4. Breach of Contract – Causation ············13
    5. Breach of Contract – Damages ·············14
    6. Breach of Implied Covenant of Good Faith and Fair Dealing ·······15
    7. Tortious Interference with Prospective Business Relations ·······15
    8. Unfair Competition ·····················17
    9. Mitigation of Damages ··················17
    10. MNI's Counterclaims Under the Computer Fraud and Abuse Act ·······18
    11. Conversion ·························19
    12. Unjust Enrichment ····················20
    13. Tortious Interference with Contract ··········20

**III. FINAL GENERAL INSTRUCTIONS** ··················22
    A. Right to See Exhibits and Hear Testimony; Communications with Court ·······22
    B. Notes ····························22
    C. Duty to Deliberate ·····················23
    D. Verdict Form ························23
    E. Duties of Foreperson ····················24
    F. Return of Verdict ······················24

**IV. CONCLUSION** ·····························24

Defendant March Networks, Inc. ("MNI"), by its attorneys, Epstein Becker & Green, P.C., submits these proposed jury instructions to be given to the jury at the close of the trial of this action.  MNI respectfully requests leave to submit revised or additional requests based upon the evidence actually adduced at trial.  In addition, MNI requests leave to submit revised or additional requests that conform with any rulings of law that the Court may render during the course of these proceedings.

## I.     GENERAL INTRODUCTORY INSTRUCTIONS

### A.     <u>Introductory Remarks</u>

Members of the jury, now it is time for me to instruct you as to the law that governs the case. There are three parts to these instructions. First, I'm going to give you some general instructions about your role, and about how you are to decide about the facts of the case. These instructions really would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedure.

### B.     <u>Role of the Court</u>

My duty at this point is to instruct you as to the law, just as it has been my duty to preside over the trial and to decide what testimony and evidence is relevant under the law for your consideration. It is your duty to accept these instructions of law and to apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

## C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to follow the law as I give it to you.

## D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that he or she believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or how I ruled on it is not your business. You should draw no inference from the fact that there has been an objection to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I may have had sidebar conferences and other conferences out of your hearing. These conferences involved procedural and other legal matters, and none of the events relating to these conferences should enter into your deliberations at all.

Similarly, the personalities and the conduct of counsel in the courtroom are not in any way in issue. If you formed reactions of any kind to any of the attorneys in this case,

favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations. If at any time I have showed impatience with any of the lawyers or witnesses, that has nothing to do with the merits of the case, and that should have no influence on your decisions.

**E.      Sympathy or Bias**

You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.

It must be clear to you that if you were to let prejudice or bias interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. Therefore, do not be guided by anything other than clear thinking and calm analysis of the evidence.[1]

In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in the courtroom. You should consider only the evidence – both the testimony and the exhibits – find from the facts what you consider to be the believable evidence, and apply the law as I now give it to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.[2]

**F.      Burden of Proof**

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of its claim by a preponderance of the evidence. If the proof should fail to

---

[1] 3A Hon Edward J. Devitt et al., <u>Federal Jury Practice and Instructions</u> § 71.01 (4th ed. 1987 & Supp 2000).

establish any essential element of the plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty.

A preponderance of the evidence refers to the quality and the substance of the evidence. It is the greater weight of all of the credible testimony and exhibits received in evidence. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If upon review of all of the evidence, you are satisfied that the plaintiff has sustained its burden, that is, if the evidence weighs in its favor, then the plaintiff is entitled to recover. If you feel that the evidence is evenly balanced between the two sides, then the plaintiff has failed to carry its burden and you must find for the defendant. Of course, if you find that the evidence weighs in favor of the defendant, then you must find for the defendant.[3]

## G.    What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties.

---

[2] 1A New York Pattern Jury Instructions 1:27 (3d ed. 1996).
[3] Federal Jury Practice and Instructions § 72.01

By contrast, you are not to consider questions asked by the parties' lawyers as evidence. It is the witnesses' answers that are evidence, not the questions.

Testimony that I have stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the purpose I indicated.

Arguments by the attorneys are not evidence, because the attorneys are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the evidence differs from the statements made by the advocates in their opening statements or summations, it is your recollection that controls.

To constitute evidence, exhibits must first be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

Finally, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## H.    <u>Direct and Circumstantial Evidence</u>

Generally, there are two types of evidence that you may consider in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his own senses — something he has seen, felt, touched,

or heard. For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence, You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

I.     **Witness Credibility**

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did (s)he appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his demeanor – that is, his carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.[4]

## J.    Expert Witnesses

You will recall that the witness [state name(s)] testified concerning his qualifications as [an] expert(s) in the field(s) of [technology; damages] and gave his opinion concerning the issues in this case. When a case involves a matter of science or art or requires special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his or her opinion for the information of the court and jury. The opinion(s) stated by the expert(s) who testified before you (was, were) based on particular facts, as the expert(s) obtained knowledge of them and testified to them before you, or as the attorney(s) who questioned the expert asked the expert to assume.

You may reject an expert's opinion if you find the facts to be different from those which formed the basis for the opinion. You may also reject the opinion if, after careful consideration of all the evidence in the case, expert and other, you disagree with the opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the expert's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.[5]

---

[4] Modern Federal Jury Instructions (Civil) No. 76-1
[5] New York Pattern Jury Instructions 1:90

**K.     Impeachment**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think the witness deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[6]

**L.     <u>Missing Witness</u>**

The law does not require any party to call as witnesses each and every person who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue in this trial.  You should not draw any negative inference against any party with respect to any issue in dispute based on their failure to produce a witness over whom the party has no control.[7]

**M.     <u>Prior Inconsistent Statements</u>**

You have heard evidence that, at some earlier time, witnesses have said or done something that counsel argues is inconsistent with their trial testimony.

---

[6] Federal Jury Practice and Instructions §73.04 (as modified).
[7] Federal Jury Practice and Instructions §73.11 (as modified)

Evidence of prior allegedly inconsistent statements was placed before you for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.

## N.   Deposition Testimony

Some of the testimony before you is in the form of deposition excerpts that have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse party under oath before a court stenographer prior to trial. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

## II. SUBSTANTIVE INSTRUCTIONS

With these preliminary instructions in mind, let us turn to the substantive law to be applied in this case.

### 1.   Summary of Plaintiff's Claims

The plaintiff in this case is Loss Prevention Works, LLC ("Plaintiff" or "LPW"). The defendant is March Networks, Inc. ("Defendant" or "MNI").  Plaintiff claims that MNI breached the non-competition provision in a December 21, 2009 agreement between the parties (the "Transaction Agreement"), pursuant to which MNI sold to LPW a portion of MNI's business.  Plaintiff also claims that MNI breached a December 31, 2009 agreement between the parties (the "Teaming Agreement"), pursuant to which the parties agreed to jointly pursue a business relationship with non-party Dunkin Brands, Inc. ("DBI").

MNI denies all of the plaintiff's allegations.  MNI asserts that it did not breach the Transaction Agreement's non-competition provision, as it did not improperly modify the Retail Transaction Investigator or its related products ("RTI") so as to compete with LPW's DI Services.

MNI further asserts that it did not breach the Teaming Agreement because it abided by its obligations and LPW chose to negotiate directly with DBI regarding a Master Services Agreement rather than have MNI negotiate on LPW's behalf.

MNI further asserts that, even if MNI did not negotiate on LPW's behalf under the Teaming Agreement, LPW has not proven that such failure was the "but for" cause of DBI's decision to reject an MSA with LPW.

MNI further asserts that LPW failed to prove that it suffered any damages beyond the speculative; that is, that its claimed damages have no more basis than guesswork.

MNI also has asserted counterclaims against LPW based on LPW's alleged unauthorized use of MNI's internal computer service to enhance LPW's product offering. MNI asserts that LPW's conduct violates the Computer Fraud and Abuse Act, and that it also constitutes tortious interference with MNI's agreement with its former employee (Chris Armstrong), unjust enrichment and unfair competition. These counterclaims are based on LPW's use of a pass code that was furnished to Mr. Armstrong to access MNI's internal systems when he was an MNI employee. MNI alleges that after Mr. Armstrong became an LPW employee, LPW induced him to improperly use that pass code, without MNI's authorization and in violation of his confidentiality agreement with MNI. MNI asserts that such unauthorized access caused damages to MNI.

### 2. Breach of Contract – Elements

The party alleging breach of contract has the burden to prove (1) that a valid contract has been formed between the parties; (2) that the plaintiff performed its own obligations under the contract; (3) that the defendant failed to perform; (4) if so, that the defendant's failure to perform was a substantial factor in the harm complained of by the plaintiff; and (5) that the plaintiff actually suffered damage as a result of the alleged breach.[8]

You must find that the plaintiff has proven each one of these elements before you can find for the plaintiff on its breach of contract claim.

### 3. Breach of Contract – Material Breach

If you find that the defendant failed to perform its obligations under a contract with plaintiff, you then must determine whether that failure to perform was a "material" breach

---

[8] Model Jury Instructions, Business Torts Litigation, American Bar Association Section of Litigation, Section 1:06[1] (3d Ed. 1997).

of the contract. A breach is "material" if it is so substantial that it defeats the purpose of the entire transaction. If the breach is not material, the plaintiff is not entitled to damages.[9]

Accordingly, you must first consider whether MNI substantially performed its obligations under the Transaction Agreement and the Teaming Agreement. If you find that MNI did not perform its obligations under either of those agreements, then you must still consider whether MNI's failure to perform its obligations (A) was a material breach of the agreements, and (B) was a substantial factor in DBI's decision to not enter into an agreement with Plaintiff.

### 4.   **Breach of Contract – Causation**

Should you find that MNI materially breached the Transaction Agreement or the Teaming Agreement with LPW, then you must determine whether LPW proved that it sustained damages *because* of that breach of contract. If you find that Plaintiff would have experienced those losses even if MNI had not breached the Transaction Agreement or the Teaming Agreement, then you may not award damages to LPW.[10]

In addition, you must then determine whether that breach was a substantial factor in causing the harm alleged by the plaintiff. Even if the defendant's breach was one of several contributing factors that caused the harm alleged by the plaintiff, that is not sufficient to award

---

[9] New York Pattern Jury Instructions – Civil (2d ed.), 4:1; *Point Productions A.G. v. Sony Music Entertainment, Inc.*, 215 F. Supp. 2d 336 (S.D.N.Y. 2002) (when there are multiple causes of harm to the plaintiff, the one arising from the breach of contract must be a "substantial factor" in or a "but-for" cause of the harm, but it need not be the only factor); *Coastal Power Int'l v. Transcontinental Capital Corp.*, 10 F. Supp. 2d 345, 366 (S.D.N.Y. 1998) (It is not enough that the breach is merely a contributing factor; it must be a "substantial factor," which is a high level of causal relationship, similar or equivalent to a "but-for" under New York law); *Raymond v. Marks*, 96 Civ. 9337, 1997 U.S. App. LEXIS 15246, at *3 (2d Cir. June 24, 1997); *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *Pisani v. Westchester County Health Care Corp.*, 05 Civ. 7113, 2006 U.S. Dist. LEXIS 15608, at *20 (S.D.N.Y. Mar. 31, 2006); *Ruane v. Smith*, 5 Misc.2d 366, 159 N.Y.S.2d 859 (N.Y. Sup. Ct. 1957).

[10] Model Jury Instructions, Business Torts Litigation, American Bar Association Section of Litigation, Section 1:06[1] (3d Ed. 1997).

the plaintiff damages. Instead, you may only award plaintiff damages for breach of contract if you find that the breach was the primary cause of plaintiff's damages.[11]

Accordingly, even if you determine that MNI breached an agreement with LPW, you still must determine if that breach was the primary cause of the harm claimed by LPW. You cannot award plaintiff damages for a breach by defendant unless you also determine that defendants' breach was the substantial cause of the plaintiff's harm.

## 5.    Breach of Contract – Damages

Any charges to you on the law of damages must not be taken as a suggestion that you should find for LPW. It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiff is entitled to recover anything from the Defendant. If you decide that LPW has not proven that MNI engaged in any wrongful conduct, you should not award it any damages. You should only consider awarding damages to LPW if you find that LPW has proven that MNI engaged in wrongful conduct that caused those damages. It is LPW's burden to prove the amount of those damages to a reasonable degree of certainty that does not rest on speculation.

Accordingly, you may only award plaintiff damages if you find that plaintiff proved the amount of damages it suffered with reasonable certainty. If you find that

---

[11] New York Pattern Jury Instructions – Civil (2d ed.), 4:1; *Point Productions A.G. v. Sony Music Entertainment, Inc.*, 215 F. Supp. 2d 336 (S.D.N.Y. 2002) (when there are multiple causes of harm to the plaintiff, the one arising from the breach of contract must be a "substantial factor" in or a "but-for" cause of the harm, but it need not be the only factor); *Coastal Power Int'l v. Transcontinental Capital Corp.*, 10 F. Supp. 2d 345, 366 (S.D.N.Y. 1998) (It is not enough that the breach is merely a contributing factor; it must be a "substantial factor," which is a high level of causal relationship, similar or equivalent to a "but-for" under New York law); *Raymond v. Marks*, 96 Civ. 9337, 1997 U.S. App. LEXIS 15246, at *3 (2d Cir. June 24, 1997); *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *Pisani v. Westchester County Health Care Corp.*, 05 Civ. 7113, 2006 U.S. Dist. LEXIS 15608, at *20 (S.D.N.Y. Mar. 31, 2006); *Ruane v. Smith*, 5 Misc.2d 366, 159 N.Y.S.2d 859 (N.Y. Sup. Ct. 1957).

that the amount of damages claimed by plaintiff have not been proven with reasonably certainty, or that plaintiff's requested damages rest on speculation, then you cannot award damages to plaintiff.[12]

## 6. <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Even if it is not expressly stated, every contract imposes upon each party thereto a duty of good faith and fair dealing in its performance and its enforcement. This is called the implied covenant of good faith and fair dealing.

The implied covenant of good faith and fair dealing does not create new obligations beyond those ins a written contract; instead, it prohibits a party from preventing performance, or from withholding the benefits of the contract. Thus if you find that MNI's actions did not prevent performance of either the Transaction Agreement or the Teaming Agreement, or subvert the purpose of an agreement, there has been no breach of the covenant of good faith and fair dealing.

Moreover, the covenant is not duplicative of the parties' obligations under the contract. Thus, to the extent the evidence is the same for Plaintiff's breach of contract claims and breach of the implied covenant of good faith and fair dealing, you must find for MNI on Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.[13]

---

[12] Model Jury Instructions, Business Torts Litigation, American Bar Association Section of Litigation, Section 1:06[1] (3d Ed. 1997).

[13] Restatement (Second) of Contracts § 205 (1981); N.Y. Pattern Jury Instructions – Civil (2d ed.) 4:1 (Comment: Breach of Implied Covenant of Good Faith and Fair Dealing); *Madison Capital Co., LLC v. Alasia*, LLC, 615 F. Supp. 2d 233, 239 (S.D.N.Y. 2009); *ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 243-44 (S.D.N.Y. 1997); *511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 746 N.Y.S.2d 131 (2002); *1-10 Industry Associates, LLC v. Trim Corp. of America*, 297 A.D.2d 630, 747 N.Y.S.2d 29 (2d Dep't 2002); *Fesseha v. TD Waterhouse Investor Services, Inc.*, 305 A.D.2d 268, 761 N.Y.S.2d 22 (1st Dep't 2003).

7.    **Tortious Interference with Prospective Business Relations**

A cause of action to recover damages for tortious interference with prospective business relations requires:    (a) business relations with a third party; (b) the defendant's interference with those business relations; (c) the defendant acting with the sole purpose of harming the plaintiff or using wrongful means; (d) that but for defendant's actions, Plaintiff would have entered into a contract with the third party; and (e) actual damage to the business relationship.

The defendant's actions must have been intentional, which means that defendant acted deliberately, with the purpose and direction of interfering with the rights of a party to the proposed business relationship. An act prevents the entering into or continuing of business relations if it is a substantial factor in preventing those business relations from being entered into or continued.

Still further, an act is done by wrongful means when physical violence, fraud, misrepresentation or undue economic pressure is used or when civil actions or criminal prosecutions are improperly brought.  The type of culpable conduct required is conduct that amounts to a crime or an independent tort or where defendant engages in conduct for the sole purpose of inflicting intentional harm on plaintiff.

Additionally, the causation element requires a plaintiff to show that, but for the interference, it would have entered into a contract with the third party, not just that it was reasonably certain that such a contract would have been entered into.

In this action, in order to prove tortious interference with prospective business relations, plaintiff must establish that (a) it had a business relationship with DBI; (b) MNI intentionally interfered with a proposed business relationship between Plaintiff and DBI; (c)

MNI's alleged interference was done by wrongful means; (d) were it not for MNI's alleged interference, Plaintiff would have entered into a contract with DBI; and (e) Plaintiff suffered damages as a result.

If you find that Plaintiff was unable to establish any of these elements, you must find for MNI.[14]

## 8.   Unfair Competition

The tort of unfair competition is grounded upon the misappropriation of a property right belonging to another for one's own commercial advantage.  It involves the taking and use of the plaintiff's property to compete against the plaintiff's own use of the same property.  In order to recover on this claim, Plaintiff has the burden of establishing (1) that MNI misappropriated the property of LPW or the fruits of the skill, expenditures and labors of LPW, (2) that MNI employed such misappropriated property or things in competition with LPW, and (3) that Plaintiff suffered damages as a result.

If the evidence shows that LPW continues to distribute the ELP software and to utilize that software to provide DI Services to its customers, you must find for MNI on this claim.[15]

---

[14] New York Pattern Jury Instructions -- Civil (2d ed.), 3:57; *Carvel Corp. v. Noonan,* 3 N.Y.3d 182, 785 N.Y.S.2d 359 (2004); *A.S. Rampbell, Inc. v. Hyster Co.,* 3 N.Y.2d 369, 165 N.Y.S.2d 475 (1957); *Premium Mortgage Corp. v. Equifax, Inc.,* 583 F.3d 103, 107 (2d Cir. 2009) (plaintiff must show that "but for" the interference, plaintiff would have entered into the alleged economic relationship); *Rotenberg v. Town of Mamaroneck,* 08 Civ. 4703 (JSR), 2010 U.S. Dist. LEXIS 97406, at *10-11 (S.D.N.Y. Aug. 24, 2010); *Guard-Life Corp. v. S. Parker Hardware Manufacturing Corp.,* 50 N.Y.2d 183, 428 N.Y.S.2d 628 (1980); *Kirk v. Schindler Elevator Corp.,* 49 A.D.3d 300, 854 N.Y.S.2d 4 (1st Dep't 2008); *American Preferred Prescription, Inc. v. Health Management, Inc.,* 252 A.D.2d 414, 678 N.Y.S.2d 1 (1st Dep't 1998).
[15] New York Pattern Jury Instructions – Civil (2d ed.) 3:58; *Demetriades v. Kaufman,* 698 F. Supp. 521, 526 (S.D.N.Y. 1988); *ITC Ltd. v. Punchgini, Inc.,* 9 N.Y.3d 467, 850 N.Y.S.2d 366 (2007); *International News Service v. Associated Press,* 248 U.S. 215, 39 S.Ct. 68 (1918).

9.      **Mitigation of Damages**

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.

If you find the Defendant is liable and that the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage it could have avoided through such reasonable effort.   If the Plaintiff unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny recovery for those damages which it would have avoided had it taken advantage of the opportunity.

Bear in mind that the question whether the Plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.   In deciding whether to reduce Plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.[16]

10.      **MNI's Counterclaim under the Computer Fraud and Abuse Act**

MNI has separate counterclaims against LPW.   The first arises under the Computer Fraud and Abuse Act ("CFAA").   MNI alleges that LPW intentionally accessed MNI's internal proprietary protected computer system without authorization and obtained information from that protected computer, causing damage to MNI in excess of $5,000.

---

[16] Federal Jury Instructions § 77-7.

The Plaintiff denies that it violated the CFAA.  LPW admits that it accessed MNI's computer system but that it had authorization to do so.  MNI denies that the Plaintiff was authorized to access MNI's internal proprietary protected computer system.

If you find (A) that MNI's internal video management system, including its Enterprise Service Manager, is a protected computer because it is used in a manner that affects interstate and foreign commerce of the United States, (B) that LPW knowingly and with intent to defraud MNI accessed MNI's protected computer without authorization, (C) that, through that unauthorized access, improperly obtained things of value, and (D) MNI was damaged as a result in an amount greater than $5,000, then you must find LPW liable for damages under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.[17]

## 11.   Conversion

MNI has asserted a counterclaim against LPW for conversion.  A conversion takes place when someone, intentionally and without authority, exercises dominion over or interferes with plaintiff's property, in derogation of plaintiff's possessory right or interest in the property, and, as a result, causes damage to plaintiff's property.

MNI alleges that (1) it had a possessory interest in its internal proprietary protected computer system; (2) LPW interfered with MNI's protected computer system by accessing it; (3) LPW did not have authority to access MNI's protected computer system; and (4) LPW's access caused damage to MNI because (a) MNI has had to investigate and remedy LPW's unauthorized access, and (b) LPW's access has caused stability problems for MNI's computer system.

---

[17] *Multiven, Inc. v. Cisco Systems, Inc.,* No. C 08-05391 JW, 2010 WL 2889262 (N.D.Cal. July 20, 2010).

If you find that MNI was able to establish each of these elements, you must find for MNI, and you may proceed to measure damages representing the reasonable value of the costs associated with MNI's investigation and remedying of LPW's unauthorized access, and the damage to MNI's computer system.[18]

## 12.   Unjust Enrichment

MNI has asserted a counterclaim against LPW for unjust enrichment.   A person who receives a benefit from another may be liable to such other person where the retention of such benefit would be unjust unless payment is made to the other person.

Here, if you find that LPW received a benefit from MNI if and when LPW accessed MNI's protected computer system and/or used MNI's property, you may then determine whether in equity and good conscience, the benefit should be repaid.   If you find that the benefit should be repaid, you may proceed to measure damages representing the reasonable value of LPW's unauthorized use of MNI's property.[19]

## 13.   Tortious Interference with Contract

MNI has asserted a claim against LPW for tortious interference with contract. The elements of a claim for tortious interference with contract are the following:

1.   There was a contract between the party claiming interference (MNI in this case) and a third party;

2.   The other party (in this case, LPW) had knowledge of the contract or the relationship;

---

[18] 1-2 Jury Instructions in Commercial Litigation § 2.21, Matthew Bender & Co. (2010); *Colavito v. New York Organ Donor Network, Inc.*, 8 N.Y.3d 43, 827 N.Y.S.2d 96 (2006).
[19] *Kaye v. Grossman*, 202 F.3d 611 (2d Cir. 2000); *Boule and Boule v. Hutton*, 138 F. Supp. 2d 491 (S.D.N.Y. 2001); *Kessenich v. Raynor*, 120 F. Supp. 2d 242 (E.D.N.Y. 2000).

3.      There was a breach of the contract between MNI and a third party that was induced or caused by LPW;

4.      There was no justification for LPW's conduct; and

5.      MNI suffered damages as a result of LPW's conduct.

If you find from the facts that the elements for this claim have been met, then you will find for MNI, and you may proceed to measure damages representing the reasonable value of LPW's unauthorized use of MNI's property.[20]

---

[20] 1-3 Jury Instructions in Commercial Litigation § 3.01, Matthew Bender & Co. (2010); *United States ex rel. Maris Equip. Co. v. Morganti, Inc.*, 163 F. Supp. 2d 174 (E.D.N.Y. 2001)

## III. FINAL GENERAL INSTRUCTIONS

### A.  Right to See Exhibits and Hear Testimony; Communications With Court

Ladies and gentlemen of the jury, this shall conclude my instructions to you. You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for exhibits or testimony — in fact any communications with the Court should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

### B.  Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

## C.     Duty to Deliberate

You will now retire to decide the case. To prevail, plaintiff must sustain its burden of proof with respect to each element by a preponderance of the evidence. If you find that plaintiff has succeeded, you should return a verdict in its favor. If you find that plaintiff has not succeeded, you should return a verdict for the defendants.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

## D.     Verdict Form

I have prepared a verdict form for you to use in recording your decision. Please use that form to report your verdict.

E.     **Duties of Foreperson**

Finally, you should by your own vote select one of you to sit as your foreperson. The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

F.     **Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

## CONCLUSION

Members of the jury, I now ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement.

Members of the jury, you may now retire. The marshal will be sworn before we retire.

FIRM:11007642v1                                   24

Dated: New York, New York
      February 7, 2011

EPSTEIN BECKER & GREEN, P.C.

By: _____
      Robert D. Goldstein
      J. William Cook

*Attorneys for Defendant*
    MARCH NETWORKS, INC.
250 Park Avenue
New York, New York  10177
(212) 351-4500