```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
LOSS PREVENTION WORKS, LLC              :      10 Civ. 7616 (DLC)
                    Plaintiff,          :
                                        :      MEMORANDUM OPINION &
              -v-                       :             ORDER
                                        :
MARCH NETWORKS, INC. and MARCH          :
NETWORKS, CORP.,                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

APPEARANCES:

For Plaintiff:

Gary H. Fechter
McCarter & English, LLP
245 Park Avenue, 27th Floor
New York, NY 10167

Scott S. Christie
Jonathan Short
Mark H. Anania
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Lucian Ulmet
J.C. Neu & Associates
318 Newman Springs Road
Red Bank, NJ 07701

Steven Glen Mintz
Terrence William McCormick
Mintz & Gold LLP
470 Park Ave. South, 10th Fl. North
New York, NY 10016

For Defendants:

Robert D. Goldstein
J. William Cook
Aime Dempsey
Nicholas S. Allison
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177

DENISE COTE, District Judge:

On May 2, 2011, plaintiff Loss Prevention Works ("LPW") moved for an extension of time to file its notice of appeal. For the following reasons, the motion is granted.

BACKGROUND

On March 1, 2011, following a verdict rendered by a jury in favor of LPW, defendants March Networks, Inc., and March Networks, Corp. (collectively "MNI") renewed their motion for a directed verdict.  The motion was granted on the record in open court.  The Court stated that it would decide any post-trial motions and then the parties would have their "appeal rights, whatever they are, depending on who wins or loses at the end of the day."  By Order dated March 1, a briefing schedule was set for any post-trial motions.  The motions were due by April 1. The March 1 Order, however, did not refer to the directed verdict that had been announced on March 1, and no entry of the decision was entered on the Court's docket.  Neither LPW nor MNI

2

made a post-verdict motion except for MNI's motion for an award of attorney's fees.

On April 5 -- more than thirty days after the Court had announced a directed verdict in favor of MNI -- LPW filed a notice of appeal.  At that time, both plaintiff's counsel and the Clerk of Court requested that the Court enter an order with language referring to the directed verdict.  On April 13, an Order was entered (the "April 13 Order") stating:  "For the reasons stated on the record on March 1, 2011, it was then ORDERED that defendant's motion for a directed verdict was granted, thereby disposing of the merits of the action."  On April 14, the clerk uploaded the Notice of Appeal to the docket sheet and linked it to the April 13 Order as the event to which it related.

On May 2, LPW filed a motion for an order to extend the time to file a notice of appeal pursuant to Rule 4(a)(5)(A) and/or 4(a)(6) of the Federal Rules of Appellate Procedure.  The motion became fully submitted on May 31.  On June 24, the Court received a supplemental letter from LPW to which MNI responded in a letter dated June 28.  A final letter from LPW was received on June 30.

DISCUSSION

The parties assert a number of arguments concerning LPW's time for taking an appeal from the directed verdict.  Citing the United States Code and the Federal Rules of Appellate and Civil Procedure, the parties variously contend that the clock began either in early March or as late as April 13.  The parties agree, however, that plaintiff's notice of appeal is timely if LPW is awarded an extension of time pursuant to Rule 4(a)(5)(A), Fed. R. App. P.

Rule 4(a)(5)(A) provides that a district court may grant an extension of time to file a notice of appeal if:  (1) a party so moves no later than thirty days after its prescribed time under Rule 4(a) expires; and, (2) the party shows excusable neglect or good cause.  The test for determining what constitutes excusable neglect is "liberal."  <u>Williams v. KFC Nat. Management Co.</u>, 391 F.3d 411, 415 (2d Cir. 2004).

> [T]he determination is at bottom an equitable one, taking account of all relevant circumstances, including: (1) the danger of prejudice to the non-moving party, (2) the length of delay and impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith.

<u>Id</u>. (citation omitted).  When the non-moving party objects to the validity of the explanation for the delay, however, the

4

third-factor, the reason for delay "predominates, and the other three are significant only in close cases."  Id. at 415-16.

It is undisputed that LPW timely filed its Rule 4(a)(5)(A) motion.  Accordingly, the only issue is whether any delay by LPW was caused by excusable neglect.  MNI does not suggest that LPW's request for an extension would cause it any prejudice or that it would delay or otherwise impact the judicial proceedings.  Additionally, MNI does not assert that LPW acted in bad faith.  Thus, the real quarrel between the parties is over the third factor in the excusable neglect analysis:  the reason for LPW's delay.

LPW identifies a number of reasons for its failure to file a notice of appeal by March 31 including:  (1) the Court's statement that the parties would be able to appeal the directed verdict following post-trial motion practice; and, (2) the absence of an order to the Clerk of Court to enter judgment in favor of the defendants.  Given the record of proceedings set forth above, it is just and equitable to excuse any delay on the part of the plaintiff in filing its notice of appeal.

CONCLUSION

LPW's May 2, 2011 motion for an extension of time to file

its notice of appeal is granted.

    SO ORDERED:

Dated:    New York, New York
           November 17, 2011

                                    DENISE COTE
                        United States District Judge